## Commonwealth v. Vuletich

*John K. Baird*, for Commonwealth.
*Eugene A. Caputo*, for defendant.

WILSON, J., May 7, 1941.—From the evidence adduced before us, it appears that on December 8, 1940, the above-named defendant and others were holding a public meeting in the Serbian Hall, on Hopewell Avenue, in the Borough of Aliquippa. During the progress of this meeting certain of the police officers appeared

and placed defendant, who was acting as chairman, under arrest for conducting or holding the meeting without first having obtained a permit, in violation of ordinance no. 416 of said borough, which reads as follows:

"Section 1. That all street parades, processions, street assemblages and public meetings are forbidden unless written notice of the object, time, place or route of said procession, parade, assembly or meeting and the character, purpose and names of the officers or persons in charge of the same be given not less than 24 hours previous to the said meeting or the forming, assembling or marching, to the secretary of council, or in his absence from the borough to the president of council of the borough, who shall investigate same and after consultation with the chief of police and being satisfied that the same will not be detrimental to the public interests, shall issue a permit for the holding of said parade, procession, assembly or public meeting.

"Section 2. Any person or persons failing to comply with the provisions of section 1 of this ordinance, or in any manner whatsoever violating the same, shall upon conviction thereof before the burgess or any justice of the peace of the Borough of Aliquippa be fined a sum not exceeding one hundred dollars for each offense, and in default of payment of said fine and costs of suit, shall be committed to the borough lockup for a period not exceeding 30 days, or to the county jail for a period not exceeding 30 days.

"Section 3. Any ordinance or part of ordinance conflicting with the provisions of this ordinance be and the same is hereby repealed insofar as the same affects the provisions of this ordinance."

The material part of the information made against defendant is as follows:

"That at Aliquippa, Pa., in the County of Beaver, Pennsylvania, on the 8 day of December 1940 the defendant aforesaid did then and there on the above date

within the Borough of Aliquippa, without first having obtained a permit, did then and there hold street parades, processions, assemblages, and/or public meetings, contrary to the Aliquippa Borough Ordinance #416, ordained and enacted the 7th day of July, 1930."

On petition of defendant an appeal from the justice was specially allowed, and the matters in question are now before us on a motion to quash the information, the reasons in support of such motion being as follows:

"First: The information is defective on its face as it does not charge the commission of any specific violation.

"Second: The ordinance under which the information has been brought is unconstitutional in that it is contrary to and in violation of section 7 of article I of the Constitution of Pennsylvania.

"Third: The ordinance is contrary to and in violation of section 13 of article I of the Constitution of Pennsylvania.

"Fourth: The ordinance is contrary to and in violation of the first amendment to the Constitution of the United States.

"Fifth: The ordinance is contrary to and in violation of the fourteenth amendment to the Constitution of the United States."

Article I of the Bill of Rights, or the first 10 amendments to the Constitution of the United States, reads:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

And section 1 of article XIV of the amendments is:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall

abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Section 7 of article I of the Constitution of Pennsylvania reads in part as follows:

"The printing press shall be free to every person who may undertake to examine the proceedings of the Legislature or any branch of government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty."

Section 20 of article I reads:

"The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance." And section 13 of article I is:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."

There is no evidence that defendant and the others holding the meeting were not citizens of the United States, and in the absence of proof the presumption is that they were citizens of the United States. Article I of the amendments to the Constitution recognizes certain rights, privileges, and immunities of citizens of the United States, which the Declaration of Independence pronounced inalienable. The courts having held that the prohibitions of the Bill of Rights applied only to laws passed by the Congress of the United States, article XIV of the amendments was adopted, prohibiting the States from making or enforcing "any law which shall abridge the privileges or immunities of citizens of the United States . . ." Under article

I of the amendments the right "to peaceably assemble" is one of the privileges and immunities of citizens of the United States, which under article XIV the States are prohibited from "abridging". This prohibition applies not only to the legislature of Pennsylvania, but includes every law-making body to which any of the sovereignty of the Commonwealth has been delegated. Therefore, a borough ordinance, which in substance nullifies the right of peaceable assemblage, and reduces it to a matter of the favor or discretion of borough officials or police officers, is void as offending the Federal Constitution.

And such ordinance is also void as offending sections 7 and 20 of article I of the Constitution of Pennsylvania. Section 20 specifically provides against encroachment on the right of peaceable assemblage. Peaceable assemblage is the keystone in the arch of liberty; it is a constituent part of all liberties; without it there can be no freedom of religion, freedom of speech, freedom of petition, or freedom of elections. Strike down freedom of assemblage and freedom dies. Freedom of assemblage is democracy; and without freedom of assemblage democracy ceases to exist, and our institutions not only drift toward but actually are dictatorial. No one in the United States or in Pennsylvania has the power to veto peaceable public assemblage in a public or private hall, or places where such assemblage does not interfere with or abridge the rights and liberties of others; and police power cannot be stretched to include such veto. The use of streets for public meetings, parades, etc., is not before us. But, as there is no saving clause in the ordinance, as it is unconstitutional in part it is unconstitutional in all. Therefore, it is not necessary for us to pass on the penalty as being a violation of section 13 of article I of the Constitution of Pennsylvania.

We have cited no authority, and in our opinion need none, other than the language of the Constitutions.

The unconditioned right of peaceable assemblage does and must stand unimpaired.

### Order

And now, May 7, 1941, for the reasons appearing in the foregoing opinion, appeal is sustained and information quashed, at the costs of the prosecutor, the Borough of Aliquippa, Beaver County, Pa.